UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL CAROPRESO,<br><br>    Petitioner,<br><br>v.<br><br>DAVID NOLAN,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-10951-JLT<br>)<br>)<br>)<br>)<br>) |

**RESPONDENT'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO DISMISS PETITION**

The Respondent, David Nolan, Superintendent of the Massachusetts Correctional Institution at Cedar Junction (the "Respondent"), hereby submits this Memorandum of Law in support of his Motion to Dismiss Petition (the "Motion").[1] The habeas corpus petition (the "Petition") filed by Petitioner Michael Caropreso (the "Petitioner") cannot be entertained, because the Petitioner has failed to satisfy the statutory requirement that he first exhaust state remedies.[2]

---

[1] Pursuant to this Court's Order dated May 12, 2005, filed herewith is an Appendix containing documents relevant to the issue of whether the Petitioner previously exhausted available state remedies with respect to the matters raised by his Petition. The offering of such documents should not be construed as implying that the Respondent considers the Petitioner to have exhausted state remedies. In fact, the Respondent takes a position to the contrary, as explained herein.

[2] Since the Petition must be dismissed for the grounds stated herein, the Respondent does not address herein the merits of the Petition. Should this Court rule that the Petitioner may proceed with his habeas corpus action, the Respondent respectfully requests the opportunity to file an answer and a proposed scheduling order for the parties to brief the merits of the Petition.

**BACKGROUND**

The Petitioner is currently an inmate at the Massachusetts Correctional Institution at Cedar Junction ("MCI-Cedar Junction"). (Pet.) On July 22, 1999, he was indicted under the name Michael V. Caropresso on several charges arising from a home invasion. (Super Ct. Docket.) Among the motions in limine heard by the Berkshire County, Massachusetts, Superior Court (the "Superior Court") was one concerning the admission of a statement made to an Officer Gary Herland by an Anthony Taikowski ("Taikowski"), in which the latter identified the Petitioner as the assailant. (Trial Tr., a true and accurate copy of which is attached to the accompanying Appendix as <u>Exhibit D</u>, at 1-60 to 1-64.) The Petitioner's trial counsel argued that the statement should not be admitted, because Taikowski (having since died) was not available to be confronted and cross-examined by the Petitioner pursuant to his rights under the Sixth Amendment to the United States Constitution. (<u>Id.</u>) The Superior Court, however, allowed admission of the statement. (<u>Id.</u>) It reasoned that the spontaneous utterance exception to the hearsay rule accounted for the disadvantages associated with the inability to cross-examine the declarant, and that the exception was applicable. (<u>Id.</u>)

Beginning on November 6, 2000, the Petitioner was tried before the Honorable Thomas Curley and a jury in the Superior Court. (Super. Ct. Docket, a true and accurate copy of which is attached to the accompanying Appendix as <u>Exhibit A</u>.) During the examination of Officer Herland at trial, the Petitioner's counsel objected to the admission of Taikowski's statement to the officer, but his objection was overruled. (Trial Tr. at 2-30 to 2-31.) On November 9, 2000, the Petitioner filed a Motion for a Required Finding of Not Guilty, which was denied the same day. (Super. Ct. Docket.) Four days later, he was found guilty on the following five charges: armed assault with intent to rob, in violation of M.G.L. c. 265, § 18(b); using a firearm while

committing a felony, in violation of M.G.L. c. 265, § 18B; assault and battery with a dangerous weapon, in violation of M.G.L. c. 265, § 15A(b); burglary while armed or accompanied by an assault on an occupant, in violation of M.G.L. c. 266, § 14; and armed home invasion, in violation of M.G.L. c. 265, § 18C.  (Id.)

On November 13, 2000, the Petitioner received the following sentences, to be served concurrently with one another and from and after a sentence he was then serving:  between fifteen years and fifteen years and one day on the conviction of burglary while armed or accompanied by an assault on an occupant; between fifteen and twenty years on the conviction of armed assault with intent to rob; between twenty and twenty-five years on the conviction of armed home invasion; and between nine and a half and ten years on the conviction of assault and battery with a dangerous weapon.  (Id.)  Additionally, he received a sentence of between five years and five years and one day on the conviction of using a firearm while committing a felony, to be served from and after the sentence imposed on the conviction for burglary while armed or accompanied by an assault on an occupant.  (Id.)  He was ordered to serve all sentences at MCI-Cedar Junction, and was also assessed a $60 victim/witness fee.  (Id.)

The Petitioner had additionally been indicted on the following charges, which were nolle prossed on November 9, 2000:  two counts of possession of a controlled substance, in violation of M.G.L. c. 94C, § 34; one count of discharging a firearm within 500 feet of a dwelling, in violation of M.G.L. c. 269, § 12E; one count of armed assault of a victim over age sixty, with intent to rob or murder, in violation of M.G.L. c. 265, § 18(a); one count of unlicensed possession of a dangerous weapon, a gun, on his person or in a motor vehicle, in violation of M.G.L. c. 269, § 10(a); and one count of malicious destruction of real or personal property with a value of over $250, in violation of M.G.L. c. 266, § 127.  (Id.)

On November 31, 2000, the Petitioner filed a Notice of Appeal of the judgment, verdict, and sentence that he had received. (Id.) On that date, he also filed a Notice of Appeal of Sentence to the Superior Court's Appellate Division. (Id.) The Petitioner's direct appeal of his conviction was entered on the docket of the Massachusetts Appeals Court (the "Appeals Court") on October 25, 2001. (App. Ct. Docket, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit B.) On September 19, 2002, the Appeals Court granted leave for the Petitioner to file a new trial motion in the Superior Court and stayed its own proceedings accordingly. (Id.)

The Petitioner filed a Motion for New Trial in the Superior Court on September 26, 2002, and it was denied on December 30 of that year. (Super. Ct. Docket.) He then filed a Notice of Appeal of that decision on January 7, 2003. (Id.) The following day, he filed a motion in the Appeals Court to consolidate his appeal of the denial of his Motion for a New Trial with his direct appeal of his conviction. (App. Ct. Docket.) His motion was allowed the same day. (Id.) In a May 26, 2004 decision, the Appeals Court affirmed the judgments against him and the Superior Court's denial of his Motion for New Trial. (Id.) Commonwealth v. Caropresso, 61 Mass. App. Ct. 1107, 808 N.E.2d 1258 (2004).

On June 18, 2004, the Petitioner filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") in the Massachusetts Supreme Judicial Court ("SJC"). (SJC Docket, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit C; ALOFAR, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit J.) He argued therein that the aforementioned statement by Taikowski was erroneously admitted. (ALOFAR at 8-13.) Other statements by Taikowski, the Petitioner asserted, suggested that the statement at issue was not a true spontaneous utterance based on Taikowski's own

observation and recognition of the Petitioner. (Id.) Rather, it was based on a comment made to Taikowski by a Ms. Emery, in which she identified the Petitioner. (Id.) The Petitioner also argued that his rights under the Confrontation Clause had been offended by the Superior Court's admission of the statement, in light of his inability to cross-examine Taikowski. (Id. at 13-14.) For this proposition, the Petitioner relied on Crawford v. Washington, 541 U.S. 36 (2004). (Id.) The SJC denied his ALOFAR on July 21, 2004. (SJC Docket.) Commonwealth v. Caropresso, 442 Mass. 1106, 812 N.E.2d 922 (2004) (table decision).

The Petition was filed in the United States District Court on May 9, 2005. Therein, the Petitioner advanced "[i]neffective assistance of counsel" as the sole ground for habeas corpus relief. (Pet. ¶ 12.A.) In support of this ground, he stated only that "[t]rial counsel failed to object or otherwise suppress so-called excited utterance / spontaneous utterance testimony in violation of the 6th Amendment of the United States Constitution (Confrontation Clause)." (Id.)

## ARGUMENT

**I.    The Petitioner failed to satisfy the statutory exhaustion requirement.**

The Petitioner is barred from pursuing this action because he failed to satisfy the statutory requirement that he exhaust his state remedies prior to filing his Petition. This exhaustion requirement is codified at 28 U.S.C. § 2254, which provides in relevant part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . .

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. No. 104-132, Title I, § 104, 110 Stat. 1218 (effective April 24, 1996).

The exhaustion requirement is primarily designed to promote comity in our system of federalism, as the U.S. Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings. . . . Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose v. Lundy, 455 U.S. 509, 518 (1982) (quoting Darr v. Burford, 339 U.S. 200, 204 (1950), overruled in non-relevant part by Fay v. Noia, 372 U.S. 391 (1963)); see also Duckworth v. Serrano, 454 U.S. 1, 3 (1981) ("The exhaustion requirement . . . serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights."); Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989) (explaining that exhaustion requirement embodies "the federal sovereign's respect for the state courts' capability to adjudicate federal rights"); Mele v. Fitchburg Dist. Court, 850 F.2d 817, 819 (1st Cir. 1988) (noting that exhaustion requirement "ensures that state courts have the first opportunity to correct their own constitutional errors," enables federal courts to accord appropriate respect for state sovereignty, and promotes comity by minimizing friction between federal and state justice systems). An additional benefit of the

requirement is that "claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." Rose, 455 U.S. at 519.

A claim will only be found exhausted if both its factual and legal bases have been presented to state courts. See Nadworny, 872 F.2d at 1096 (stating that state prisoner must present both factual and legal underpinnings of claim to state courts for exhaustion requirement to be found satisfied); see also Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997) (noting that "setting forth the factual underpinnings of a claim is insufficient, in and of itself" as the "petitioner must also elucidate the legal foundation of his federal claim"). Moreover, it is not sufficient for a petitioner to raise his federal the claim merely through a motion in state trial court or even an appeal to an intermediate court. Rather, he must "present, or do his best to present, his federal claim to the state's highest tribunal." Adelson, 131 F.3d at 263; see also Mele, 850 F.2d at 819-20 (stating that it has long been the rule that power of highest state court must be exhausted before federal court will consider questions posed in habeas petition; affirming that "[i]t is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present – or do his best to present – the issue to the state's highest tribunal"; and noting that Massachusetts petitioner was obliged to try to bring his constitutional objections before SJC to preserve them for federal habeas review). Thus, "a habeas petitioner bears a heavy burden" to show that his claims were "fairly and recognizably presented to the state courts." Adelson, 131 F.3d at 262.

The Petitioner here cannot meet this burden, because he did not exhaust the ineffective assistance of counsel claim advanced in his Petition.

  A. <u>The Petitioner failed to satisfy the statutory exhaustion requirement, because he did not fairly present any ineffective assistance of counsel claim to the SJC.</u>

  The Petitioner cannot be found to have exhausted state remedies with respect to his claim of ineffective assistance of counsel, because he did not fairly and recognizably present any ineffective assistance claim to the SJC. The Petitioner's ALOFAR raised two arguments, both of which challenged the admission at trial of Taikowski's statement to Officer Herland. The Petitioner provided the following as the Statement of Points With Respect to Which Further Appellate Review Is Sought in his ALOFAR:

> 1. Whether, because it could not reasonably be inferred that Mr. Taikowski's utterance identifying Michael Caropreso came from his own observation rather than from Ms. Emery's statement, and because this was the only visual identification of Mr. Caropreso presented at trial, it was prejudicial error to allow into evidence this statement as an "excited utterance."
>
> 2. Whether, in the light of <u>Crawford</u> v. <u>Washington</u>, 541 U.S. ___, 158 L.Ed.2d 177, 124 S.Ct. 1354 (2004), it was a violation of the Sixth Amendment of the United States Constitution for the testimonial statement of Mr. Taikowski to the police offer to be allowed into evidence.

(ALOFAR at 7-8.) Further, two the headings within the argument section of his ALOFAR stated as follows:

> 1. It was prejudicial error to allow into evidence the "excited utterance" of Mr. Taikowski, where it could not be reasonably inferred that it derived from his own observation rather than from inadmissible hearsay.
>
> 2. In the light of <u>Crawford</u> v. <u>Washington</u>, 541 U.S. ___, 158 L.Ed.2d 177, 124 S.Ct. 1354 (2004), it was a violation of the Sixth Amendment to the United States Constitution for the testimonial statement of Mr. Taikowski to the police officer to be allowed into evidence.

(<u>Id.</u> at 8, 13.) True to its heading, the first section of the argument in the ALOFAR was devoted to challenging the admission of the Taikowski statement on the grounds that the requirements for admission of a spontaneous utterance under Massachusetts law were not met. In the course of

advancing this argument, the Petitioner asserted that his trial counsel was "prejudicially ineffective" in failing to present the court with other statements of Taikowski suggesting that the statement at issue was reflective of that which Taikowski had been told, not his own personal knowledge. (Id. at 8-13.) However, the Petitioner's challenge was to the admission of the evidence, not to any deprivation of his right to counsel. (Id. at 8-13.)

The Petitioner's criticism of his counsel within his hearsay argument does not constitute a fair and recognizable presentation of an ineffective assistance of counsel claim. The test for whether the factual and legal underpinnings of a federal claim are adequately presented "is substantive: was the claim presented in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question?" Scarpa v. DuBois, 38 F.3d 1, 6 (1994). Suggestions strewn within an argument on another issue will not suffice:

> [T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.

Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988).

The First Circuit Court of Appeals has identified five ways in which fair presentment may be made:

> "1) citing a specific provision of the Constitution; 2) presenting the substance of a federal constitutional claim in such manner that it likely alerted the state court to the claim's federal nature; 3) reliance on federal constitutional precedents; and 4) claiming a particular right specifically guaranteed by the Constitution"[; and 5)] . . . the assertion of a state law claim that is functionally identical to a federal claim.

Scarpa, 38 F.3d at 6 (quoting Gagne v. Fair, 835 F.2d 6, 7 (1st Cir.1987), and noting that the list was not necessarily exhaustive). The Petitioner did not employ any of these methods. Unlike the petitioner in Scarpa, he did not characterize any claim as one for "'ineffective assistance of

counsel,'" cite cases "that dealt squarely with this issue," or refer to his Sixth Amendment right to counsel, 38 F.3d at 7.  (ALOFAR at 1-14.)  Indeed, nowhere in his ALOFAR did he offer ineffective assistance of counsel as an independent basis for reversal of his conviction.  (Id.)  It is clear that no such claim was fairly presented to the SJC.

> B.  Even if the Petitioner could be found to have presented an ineffective assistance claim to the SJC, he did not present the same claim that he now advances.

Even if the Petitioner could be found to have fairly presented an ineffective assistance of counsel claim to the SJC, he could not be found to have presented the same ineffective assistance claim advanced in the Petition.  "[F]air presentation requires that the constitutional analysis necessary to resolve the ultimate question posed in the habeas petition and in the state court proceedings, respectively, be substantially the same."  Scarpa, 38 F.3d at 6; Martens, 836 F.3d at 717 ("[T]he legal theory in the state and federal courts must be the same." (quoting Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987)).

Here, the Petitioner claims in his Petition that his counsel was ineffective specifically for "fail[ing] to object or otherwise suppress so-called excited utterance / spontaneous utterance testimony in violation of the 6th Amendment of the United States Constitution (Confrontation Clause)."  (Pet. ¶ 12.A.)  Not even a suggestion to this effect was made in his ALOFAR.  (ALOFAR at 1-14.)  The only ineffective assistance claim that could be read into the ALOFAR is that the Petitioner's trial counsel was ineffective for failing to inform the court of other statements by Taikowski that suggested that the statement at issue was based on what Taikowski was told, not based on his own personal knowledge.  Moreover, while the Petitioner did claim that the admission of the Taikowski statement violated the Petitioner's Confrontation Clause rights, he did not suggest that his counsel was ineffective for failing to assert those rights.  (ALOFAR at 13-14.)  These claims involve different "legal theor[ies]," Martens, 836 F.3d at

717, that require different "constitutional analysis" than that "necessary to resolve the ultimate question posed in the habeas petition," Scarpa, 38 F.3d at 6. The litigation history here stands in stark contrast to that in Scarpa, where the shortcomings in counsel's performance alleged in the habeas corpus petition were the same as those alleged in papers filed in the Superior Court, the Appeals Court, and the SJC. 38 F.3d at 6-7.

It bears noting that, even if the ineffective assistance claim in the Petition had been advanced in the ALOFAR, it would not necessarily have been successful. First, the Petitioner's trial counsel did in fact invoke the Confrontation Clause in seeking to prevent admission of the Taikowski statement before trial (Trial Tr. at 1-61 to 1-62), and did object to the statement's admission during trial (Trial Tr. at 2-30 to 2-31). Second, the Supreme Court case on which the Petitioner's Confrontation Clause argument relied, Crawford v. Washington, had not been decided at the time of the Petitioner's trial. (ALOFAR at 13-14.)

In light of the Petitioner's failure to exhaust state remedies, dismissal of the Petition at issue is warranted. See, e.g., Rose, 455 U.S. at 510 (affirming that statutory scheme requires dismissal of petition containing nonexhausted claims); Duckworth, 454 U.S. at 4 ("Because obvious constitutional errors, no less than obscure transgressions, are subject to the requirements of § 2254(b), the Court of Appeals was obligated to dismiss respondent's petition.").

## **CONCLUSION**

For the foregoing reasons, the Motion should be allowed, and the Petition should be dismissed in its entirety.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ Randall E. Ravitz
Randall E. Ravitz (BBO # 643381)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2852

Dated:  June 30, 2005


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on June 30, 2005, by first class mail, postage prepaid, upon:

Michael Caropreso
MCI-Cedar Junction
PO Box 100
South Walpole, MA  02071

pro se

/s/ Randall E. Ravitz
Randall E. Ravitz