United States District Court
District of Massachusetts

C.A. No. 05-10951-JLT

Michael V Caropreso,
    <u>Petitioner,</u>
Vs

David Nolan,
    <u>Respondent</u>

**Petitioner's Reply In Opposition**
**Respondent's Motion To Dismiss Petition**

Now comes the petitioner in opposition to respondent's motion to dismiss petition:

As grounds, petitioner asserts the following:

1. <u>Crawford</u> v. <u>Washington</u>, 541 US. 36 (2004) was announced by the high court during the period of petitioner's state appellate review it was squarely presented to the Supreme Judicial Court ("S.J.C.") of Massachusetts. See respondent's memorandum of law in support of his motion to dismiss petition. (herein after " Respondent's memo") at argument A.

2. Petitioner's primary legal precedent (<u>Crawford</u> v. <u>Washington</u>) was not decided at the time of his plenary appeal to the Massachusetts Appeals Court (" Mass. App. Ct.") which construes a failure to raise a waiver of the argument; i.e. procedural default. However, "[W]here a constitutional claim is so novel that it's legal basis is not reasonably available to counsel, a defendant has <u>cause</u> for his failure to raise the claim in accordance with applicable state procedures." <u>Reed</u> v. <u>Ross,</u> 468 U.S. 1, 16 (1984), (emphasis added); foreseeing the court's departure from such a stack of precedent, clearly establishes cause, the import of the court's overruling itself simply could not be foreseen. In this sense it was novel.

3. The respondent misapprehends the grounds in which the petitioner seeks relief, respondent's memo. The petitioner asserts his petition was bifurcated raising both ineffective assistance of counsel and the confrontation clause issue. The pleading may be inartfully pled, however the substance is there. See <u>Haines</u> v. <u>Kerner,</u> 404 U.S. 519, 520(1972) (per curium) (pro se complaint held to less stringent standards than formal papers drafted by lawyers(; see also, <u>U.S.</u> v. <u>Mosquera,</u> 845 F. 2d 1122, 1124 – 25 (1st Cir. 1988) (per curiam) (pro se allegations not unduly conclusory in light of petitioner's pro se status).

### Conclusion

This petitioner's plenary appeal and his first and only motion for <u>post conviction relief</u> were live.

N.1

    Respondent's memo is not paginated, making clear reference impossible at the time the Supreme Court announced <u>Crawford v. Washington</u>, supra. This petitioner's request for further appellate review to the Massachusetts Supreme Judicial Court explicitly brought Crawford to the attention of the Supreme Judicial Court. However, that court passed on the issue without opinion. See Respondent's exhibit "C". This petitioner's confrontation clause issue is ripe for review. The state court has not been deprived the ability to review; there is no procedural default; state/federal comity is not offended. The respondent's motion to dismiss must be denied.

                                      Respectfully submitted
                                      by petitioner, prose

                                      */s/ Michael V. Caropreso*

Dated: 10/28/2005                        Michael V. Caropreso