```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

MICHAEL CAROPRESSO,
     Petitioner,

     v.                                       CIVIL ACTION NO.
                                              05-10951-JLT
DAVID NOLAN,
Superintendent at
MCI-Cedar Junction,
     Respondent.
```

**REPORT AND RECOMMENDATION RE:
RESPONDENT'S MOTION TO DISMISS PETITION FOR
WRIT OF HABEAS CORPUS
(DOCKET ENTRY # 6)**

**November 15, 2005**

**BOWLER, U.S.M.J.**

Pending before this court is a motion to dismiss (Docket Entry # 6) filed by respondent David Nolan ("respondent"), Superintendent of the Massachusetts Correctional Institute in Cedar Junction, Massachusetts ("MCI-Cedar Junction"). Respondent moves to dismiss the above styled petition for writ of habeas corpus filed pro se by petitioner Michael Caropresso ("petitioner"), an inmate at MCI-Cedar Junction, on the basis of petitioner's failure to exhaust state court remedies.

Petitioner attacks his November 13, 2000 conviction of armed assault with intent to rob, use of a firearm while committing a felony, assault and battery with a dangerous weapon, burglary while armed and armed home invasion on the four following grounds: (1) the victim's excited utterances should not have

been received into evidence (ground one); (2) trial counsel was ineffective when he failed to object to evidence showing that certain items of petitioner's jewelry were recovered from the victim's home without a predicate showing of when the jewelry was left there (ground two); (3) there was insufficient evidence to show that a shotgun retrieved from a brook was the shotgun used during the invasion (ground three); and (4) the convictions for home invasion and assault and battery with a dangerous weapon are duplicative (ground four).  Commonwealth v. Caropresso, 808 N.E.2d 1258 (Mass.App.Ct. 2004).  The state courts addressed and rejected these or similar arguments on direct and/or collateral review.

　　Even if an evidentiary hearing is not barred under section 2254(e)(2) of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"),[1] petitioner has no right to an evidentiary hearing on the issue of exhaustion under the pre-AEDPA standard, assuming, arguendo, its applicability after the AEDPA's enactment.  See Edwards v. Murphy, 96 F.Supp.2d 31, 49-50

---

[1] Section 2254(e)(2) creates a bar to conducting an evidentiary hearing in federal court.  If the petitioner fails to develop the facts within the meaning of the first clause of section 2254(e)(2), this court cannot hold an evidentiary hearing unless the petitioner "meets the other conditions of § 2254(e)(2)."  Williams v. Taylor, 529 U.S. 420, 430 (2000).  Under the first clause of section 2254(e)(2), "a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."  Williams v. Taylor, 529 U.S. at 430.

(D.Mass. 2000) (setting forth relevant standards and recognizing dispute as to whether standard for conducting evidentiary hearing set forth in Townsend v. Sain, 372 U.S. 293 (1963), as modified by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992), remains applicable after AEDPA's enactment); see also Fryar v. Bissonnette, 113 F.Supp.2d 175, 179-180 (D.Mass. 2000) (the petitioner did not negligently fail to develop record under section 2254(e)(2) and could, therefore, only obtain hearing if he satisfied Townsend standard); Marshall v. Hendricks, 103 F.Supp.2d 749, 770 (D.N.J. 2000) (same).  The facts regarding exhaustion are not in dispute and are fully contained in the state court records.  The motion to dismiss (Docket Entry # 6) is therefore ripe for review.

BACKGROUND

On July 22, 1999, a grand jury sitting in the Massachusetts Superior Court Department (Berkshire County) ("the trial court") indicted petitioner on five counts for a home invasion incident occurring on July 7, 1999.[2]  On November 13, 2000, a jury

---

[2] Petitioner was indicted on six additional counts concerning a separate incident in June 1999. (Docket Entry # 9, Ex. A). Additional counts include: possession of a controlled substance; discharging a firearm within 500 feet of a dwelling; armed assault of a victim over age 60, with intent to rob and murder; unlicensed possession of a gun on his person or in a motor vehicle; and malicious destruction of real or personal property with a value of over $250. (Docket Entry # 9, Ex. A). These six counts were nol prossed on November 9, 2000. (Docket Entry # 9, Ex. A).

convicted petitioner on all five counts, to wit, armed assault with intent to rob, use of a firearm while committing a felony, assault and battery with a dangerous weapon, burglary while armed or accompanied by an assault on an occupant and armed home invasion. (Docket Entry # 9, Ex. A).

Petitioner filed a notice of appeal of the judgment, verdict and sentence in the trial court on November 21, 2000. (Docket Entry # 9, Ex. A). Additionally, petitioner filed a notice of appeal of the sentence in the appellate division of the trial court. (Docket Entry # 9, Ex. A). On October 25, 2001, the direct appeal was entered on the docket of the Massachusetts Appeals Court ("appeals court"). (Docket Entry # 9, Ex. A). The appeals court granted leave for petitioner to file a motion for a new trial with the trial court and in accordance with the decision, staying its own proceedings, on September 19, 2002. (Docket Entry # 9, Ex. B).

Petitioner then filed a motion for a new trial on September 26, 2002, which the trial court later denied on December 30, 2002. (Docket Entry # 9, Ex. A). Petitioner filed a notice of appeal in the trial court appealing the denial on January 7, 2003. (Docket Entry # 9, Ex. A). One day later, on January 8, 2003, petitioner filed a motion in the appeals court to consolidate the appeal of the denial of the motion for a new trial with the direct appeal of the conviction. (Docket Entry #

9, Ex. B). The appeals court allowed the motion the same day. (Docket Entry # 9, Ex. B). On May 26, 2004, the appeals court rendered a decision affirming the conviction and the trial court's denial of the motion for a new trial. Commonwealth v. Caropresso, 61 N.E.2d 1258 (Mass.App.Ct. 2004).

On June 18, 2004, petitioner filed an application for leave to obtain further appellate review ("ALOFAR") in the Massachusetts Supreme Judicial Court ("SJC"). (Docket Entry # 9, Ex. C). Petitioner presented two grounds upon which relief was sought. (Docket Entry # 9, Ex. J). First, petitioner argued that it was prejudicial error to admit into evidence the statement of the victim as it could not reasonably be inferred that the statement derived from the victim's own observation rather than inadmissable hearsay. (Docket Entry # 9, Ex. J). Second, petitioner relied upon Crawford v. Washington, 541 U.S. 36 (2004), arguing that admission of the statement into evidence violated the Sixth Amendment of the United States Constitution in that the victim's death deprived petitioner of his right to cross examine the victim under the Confrontation Clause. (Docket Entry # 9, Ex. J). The SJC denied the ALOFAR on July 21, 2004. (Docket Entry # 9, Ex. B).

Petitioner filed this petition on May 9, 2005. (Docket Entry # 1). He claims ineffective assistance of counsel as the sole basis for relief. (Docket Entry # 1). Petitioner cites to

5

trial counsel's failure to object to the admission of the victim's excited utterance into evidence as a violation of the Sixth Amendment of the United States Constitution for the foundation of the claim.  (Docket Entry # 1).

Respondent filed the instant motion to dismiss on June 30, 2005.  (Docket Entry # 6).  In turn, petitioner filed a response opposing to the motion on October 31, 2005.  (Docket Entry # 11).

DISCUSSION

Respondent's motion to dismiss is grounded in petitioner's failure to exhaust state court remedies.  In particular, respondent contends that petitioner did not fairly and recognizably present any ineffective assistance of counsel claim to the SJC.

Exhaustion, a matter of comity, requires the petitioner to fairly present "'the substance of his federal habeas claim to the state court before seeking federal review.'"  Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988).  The burden the petitioner bears in fairly and recognizably presenting the factual and legal bases of his federal claim to the state courts is "heavy." Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997); see Scarpa v. Dubois, 38 F.3d 1, 6 (1st Cir. 1994) ("a petitioner must inform the state court of both factual and legal underpinnings of

6

the claim"). Petitioner must not only present the factual and legal underpinnings of the federal claim to the state's highest court, Adelson v. DiPaola, 131 F.3d at 263; Mele v. Fitchburg District Court, 850 F.2d 817, 820 (1st Cir. 1988); Burbank v. Maloney, 47 F.Supp.2d 817, 820 (D.Mass. 1999), i.e., the SJC, but he must do so "'in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000).

The ALOFAR therefore becomes the critical document for exhaustion analysis. See Adelson v. DiPaolo, 131 F.3d at 263 ("the decisive pleading is the application for further appellate review"). "[A]n appealed issue cannot be considered as having been fairly represented to the SJC for exhaustion purposes unless the application has raised it within the four corners of the ALOFAR." Mele v. Fitchburg District Court, 850 F.2d at 820. More specifically, where a petitioner raised a federal constitutional claim before an appellate court but made no mention of the claim in the ALOFAR, the First Circuit dismissed the petition as unexhausted. Mele v. Fitchburg District Court, 850 F.2d at 823 ("appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of the ALOFAR").

In the case at bar, petitioner raised an ineffective assistance of counsel claim before the appeals court. It is clear, however, that petitioner did not present the SJC with an ineffective assistance of counsel claim as a basis for relief within the four corners of the ALOFAR.

Within the ALOFAR the federal claim or "question must be plainly defined." Martens v. Shannon, 836 F.2d at 717. The correct focus "is one of probability; the trappings of a federal claim must be likely to put a reasonable jurist on notice of the claim." Casella v. Clemons, 207 F.3d at 21. Such "'trappings,'" Adelson v. DiPaola, 131 F.3d at 262, include: "'(1) citing a specific provision of the Constitution; (2) presenting the substance of a federal constitutional claim in such a manner that it likely alerted the state court to the claim's federal nature; (3) reliance on federal constitutional precedents; and (4) claiming a particular right specifically guaranteed by the Constitution.'" Scarpa v. DuBois, 38 F.3d at 6 (quoting Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987)). The fewer the trappings, the lower the probability that the petitioner will have alerted the reasonable jurist to the presence of a federal claim. See Adelson v. DiPaola, 131 F.3d at 262. Nevertheless, exclusive focus on the ALOFAR is, at times, inappropriate. See Scarpa v. DuBois, 38 F.3d at 7 n. 3.

Because petitioner did not raise in the ALOFAR a separate

claim asserting that right to effective counsel was violated by a failure to object to the admission of evidence, it is improbable that a reasonable jurist would be alerted to the federal constitutional nature of the claim.  Petitioner's reference to ineffective assistance of counsel in the ALOFAR is insufficient.  While petitioner does cite to the Sixth Amendment of the Constitution, it is only with respect to the admission of evidence in violation of the Confrontation Clause.  Additionally, petitioner's reliance on a federal case, Washington v. Crawford, 541 U.S. 36 (2004), is directed toward establishing the same claim.  All constitutional analysis, therefore, applied to petitioner's argument against the admission of evidence.  Only passing reference was made to the right of effective counsel and "mere incantation of constitutional buzzwords, unaccompanied by any federal constitutional analysis, does not" constitute fair presentment.  Adelson v. DiPaola, 131 F.3d at 263.

Moreover, a claim of ineffective assistance of counsel is distinct from the underlying issue "both in nature and in the requisite elements of proof."  Kimmelman v. Morrison, 477 U.S. 365, 374 (1986); accord Bailey v. Nagle, 172 F.3d 1299, 1304 n. 8 (11th Cir. 1999) (ineffective assistance of counsel claim "analytically distinct from the substantive claim underlying it").  "[P]etitioner must have placed before the state court essentially the same legal doctrine he asserts in the federal

9

petition." Daye v. Attorney General of the State of New York, 696 F.2d 186, 192 (S.D.N.Y. 1982).

As discussed above, petitioner's claim in the ALOFAR pertains only to the admission of evidence and the concomitant violation of the Sixth Amendment Confrontation Clause. (Docket Entry # 9, Ex. J). In contrast, in the habeas petition before this court, petitioner claims that trial counsel was ineffective for "fail[ing] to object or otherwise suppress so-called excited utterance/spontaneous utterance testimony in violation of the [Sixth] Amendment of United States Constitution (Confrontation Clause)." (Docket Entry # 1). Petitioner's presentation to the SJC in the ALOFAR amounts to nothing more than the substantive claim underlying the present claim of ineffective assistance of counsel. Petitioner's claim involves differing legal theories which require distinct constitutional analysis. Were this court to rule on a claim whose fundamental legal basis was substantially different from that asserted in the state court, as in the case at bar, the chief purpose of the exhaustion doctrine would be frustrated. See Daye v. Attorney General of the State of New York, 696 F.2d at 192.

Furthermore, even the ineffective assistance of trial counsel claim petitioner presented to the appeals court differs from the ineffective assistance of trial counsel claim he presents to this court. Petitioner based the former claim upon

10

trial counsel's failure to object to evidence showing that certain items of petitioner's jewelry were recovered from the victim's home without a predicate showing of when the jewelry was left there.  Petitioner based the latter claim upon trial counsel's failure to object to the victim's excited utterance.  Simply put petitioner therefore fails to exhaust state court remedies.  In presenting new factual allegations for a state claim in federal court petitioner has transformed the ground to such a degree that it becomes unexhausted.  See Gagne v. Fair, 835 F.2d 6, 9 (1st Cir. 1987); see also Gaskins v. Duval, 89 F.Supp.2d 139, 142 (D.Mass. 2000).

Unfortunately, it is highly likely that the state court remedies no longer exist.  State court remedies must be "available" within the meaning of section 2254(b)(1)(A).  See Evicci v. Commission of Corrections, 226 F.3d 26, 27 (1st Cir. 2000).  The exhaustion doctrine codified in the AEDPA reflects the futility exception and allows consideration of the petition where:  "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."[3]  28 U.S.C. §

---

[3]   As expressed by the Supreme Court prior to the AEDPA's enactment, "in determining whether a remedy for a particular constitutional claim is 'available,' the federal courts are authorized, indeed required, to assess the likelihood that a state court will accord the habeas petitioner a hearing on the merits of his claim."  Harris v. Reed, 489 U.S. 255, 268 (1989).

2254(b)(1)(B).  Because Massachusetts courts "deem grounds not raised on the direct appeal to have been waived," Evicci v. Commissioner of Corrections, 226 F.3d at 27, petitioner's remedies are no longer available.  Significantly, petitioner is currently represented by appellate counsel who is not the same counsel who represented petitioner at trial.  Cf. Commonwealth v. Lanoue, 563 N.E.2d 1367, 1369 (Mass. 1990)(declining to find that ineffective assistance of counsel claim "could have been raised by the [petitioner] in previous appeals" because "[i]t would have been unrealistic to expect the petitioner's first attorney to have raised an ineffective assistance of counsel claim calling his own competence into question").

Although petitioner achieves exhaustion through procedural default, he is nevertheless barred from raising the federal claim "in a federal habeas corpus proceeding unless he can show cause for the default and prejudice resulting therefrom."  Teague v. Lane, 489 U.S. 288, 298 (1989) (citing prior Supreme Court case as "applying procedural default rule to claim that had never been raised in state court"); see Alley v. Bell, 101 F.Supp.2d 588, 613-614 (W.D.Tenn. 2000); accord Hall v. DiPaolo, 986 F.2d 7, 10 (1st Cir. 1993) (where the petitioner obtains exhaustion "through a procedural default, the habeas petitioner must show cause for that default and prejudice arising therefrom").  Petitioner fails to show cause for the failure to raise the ineffective assistance

12

of counsel claim and therefore this court need not address the prejudice prong.

CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[4] that the motion to dismiss (Docket Entry # 6) be ALLOWED and that the petition be DISMISSED with prejudice.

                                              /s/ Marianne B. Bowler
                                              **MARIANNE B. BOWLER**
                                              United States Magistrate Judge

---

[4] Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within ten days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order. United States v. Escoboza Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).